Judge Ewing
delivered the Opinion of the Court.
In March, 1830, Benjamin Craig leased, in writing, to Thomas Montgomery and William Montgomery, during the lifetime of said Thomas and Rachael his wife, a farm and tract of land on Arnold’s creek; said lessees rendering to him, as rent, “ one third of all the hog stock raised 41 upon and at said improvement — except he, Cráig, shall 44 furnish the farm then in possession of Lewis G. Craig, *102 “ in place of the farm on Arnold’s creek; at which time, “ said farm and land on Arnold’s creek was to be sur- “ rendered up to said Craig or his representatives.”
The lease of a tenant is not forfeited by his mere claim to hold adversely to the landlord under whom he entered: attornmentto another, orsome other act of disclaimer, rmistappear, to work such forfeiture.
A tenant who has stipulated in the lease,to surrender the possession, upon receiving another specified farm, is not bound to surrender upon a bare offer to put him into possession of the latter; still less, is he bound to surrender, when it appears that the landlord has par ted with, oren cumbered, his title, or right of possession in the proposed substi tute, so that the tenant would be liable to be ousted from that, before the expiration of his lease.
*102 The lessee, Thomas Montgomery, took possession of said farm and land on Arnold’s creek, and permitted Abby Points to enter into the possession of a part of said farm, under him.
William Montgomery having died, Craig sued out his writ for a forcible detainer, against the appellants, and recovered judgment against them; from which they have appealed to this Court.
Craig seeks to sustain his recovery upon two grounds:
First — that Thomas Montgomery had forfeited his lease by claiming to hold adversely to his landlord.
Second — that he tendered to him the place of Lewis G. Craig, in the lease mentioned, upon which he was bound to surrender to him the place sued for, according to the terms of the lease.
There is no evidence in this cause, sufficient to establish the fact of such disclaimer and holding adversely to his landlord, as will, in the opinion of this Court, produce a forfeiture of his lease. To work such forfeiture he must have attorned to some other landlord, or done some act disclaiming to hold under Craig.
His second ground is equally untenable.
The witness by whom he proves a tender of the place of Lewis G. Craig to Thomas Montgomeiy, in lieu of the place in his possession, also proves, that Benjamin Craig had previously conveyed the former place to the witness, in trust for the benefit of his grand children, and had thereby put it out of his power to secure him in the right to the possession of the same. We cannot conceive, that he had a right to demand the possession from his tenant, upon his bare offer to put him into the possession of the Lewis G. Craig place without right or title to same. But the trustee, who was the witness, and who was agent of Craig in making the offer, proved, that he was willing to yield up to him the possession of said place. But from the proof, it appears clearly, that he has no power to do so. He occupies the condition of naked trustee, according to his own showing, for the use *103 of others, and their concurrence in the offer does not appear.
But there seems to this Court another insuperable objection to the appellees right to maintain this suit. It appears by his proof, that prior to the commencement of his suit, he had conveyed the fee simple estate in said premises, “ subject to the incumbrance of said lease,” to William Montgomery, without any reservation of right to the possession or rents. It is clear, that by such conveyance, he has parted with his whole estate, and that William Montgomery alone, or his heirs, or vendee, has a right to the possession upon the termination of the particular estate, by forfeiture'or otherwise.
The Circuit Court having in the progress of this case given instructions to the jury, at the instance of Craig, in conflict with the principles above settled, and having refused instructions to the jury, asked by the defendant’s counsel, which are sustained by the principles above settled, and having also, refused a new trial asked for on the ground of said errors of the Court, it is ordered that said judgment be reversed, and the cause remanded, and a new trial be awarded the appellants.